**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| DANNY STEWART, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   No. 5:14-cv-846 |
| | § |
| AP ACCOUNT SERVICES, LLC | § |
| | § |
| Defendant. | § |

## PLAINTIFF'S COMPLAINT

DANNY STEWART (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against AP ACCOUNT SERVICES, LLC (Defendant):

## INTRODUCTION

1.  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court over Plaintiff's Complaint arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.  Because Defendant is located in the State of Texas, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5.  Plaintiff is a natural person who resides in Idaho Falls, Bonneville County, Idaho and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national debt collection company with a business office in San Antonio, Texas.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. In or around March of 2014, Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

10. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

11. Defendant called Plaintiff's telephone numbers at 208-277-62XX and 208-524-24XX.

12. In or around March of 2014, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit A.

13. In the voicemail message, Defendant failed to meaningfully disclose the company's name, failed to disclose the nature of the call, and failed to state that the call was from a debt collector. *See* Exhibit A.

14. In the voicemail message, Defendant directed Plaintiff to return the call to telephone number 866-422-5412, which is a number that belongs to Defendant. *See* Exhibit A.

15. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an

attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

   b. Defendant violated §1692d(6) of the FDCPA by placing collection calls to Plaintiff without meaningful disclosure of the caller's identity.

   c. Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of the debt;

   d. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt;

   e. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its communications with Plaintiff that the communication was from a debt collector.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

17. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

18. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

19. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: /s/ Ryan Lee Esq._____
      Ryan Lee (CA SBN: 235879)
      Krohn & Moss, Ltd
      10474 Santa Monica Blvd.
      Suite 405
      Los Angeles, CA 90025
      Tel: 323-988-2400 x241
      Fax: (866) 861-1390
      Email: rlee@consumerlawcenter.com